**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ROBERT L. JOHNSON, SR., <br> ANTHONY L. RICHARDSON, <br> SHEILA M. SYDNOR, and <br> DEBORAH A. SPARKS, <br> individually and on behalf of all others <br> similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> ALLSTATE INSURANCE COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 07-cv-0781-MJR <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

**A. Introduction and Background**

Plaintiff filed the above-captioned action on November 5, 2007 alleging that Allstate Insurance Company practiced unfair discrimination against consumers in setting its rates, premiums, policy pricing, and availability of insurance in violation of the Illinois Consumer Fraud Act (Doc. 2). In the course of discovery, Allstate made an oral motion that a protective order be entered as to certain documents it believes contain confidential proprietary and commercially sensitive information (*see* Doc. 25). Magistrate Judge Philip M. Frazier considered Allstate's proposed protective order and examined *in camera* certain documents that Allstate stated were representative of the kind of confidential documents it sought to protect from public disclosure. On May 30, 2008, Magistrate Judge Frazier denied the motion for the protective order (Doc. 26). On June 13, 2008, Allstate moved for reconsideration(Doc. 27). Magistrate Judge Frazier denied the motion to reconsider on June 23, 2008 (Doc. 30).

On July 8, 2008, Allstate filed its objections to Magistrate Judge Frazier's rulings on the motion for a protective order and the motion for reconsideration (Doc. 36). The following day, the Court set a briefing schedule (Doc. 37). On August 8, 2008, Plaintiffs filed an opposing brief (Doc. 43), and Allstate filed its reply on August 22, 2008 (Doc. 46). Additionally, on September 11, 2008, Allstate submitted exemplars of the type of documents it wishes to protect to the undersigned District Judge for *in camera* review.

Having fully considered the parties' filings and the documents submitted by Allstate, the Court hereby **AFFIRMS IN PART AND REVERSES IN PART** the Magistrate Judge's rulings (Docs. 26 & 30).

### B. Analysis

**FEDERAL RULE OF CIVIL PROCEDURE 72(a)** provides that where a party timely objects to the Magistrate Judge's ruling on a non-dispositive pre-trial matter, "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Allstate argues that Magistrate Judge Frazier's ruling is clearly erroneous because the documents at issue contain trade secrets. Allstate also argues that Magistrate Judge Frazier's ruling is contrary to law because it fails to protect such documents even in the discovery phase. Plaintiffs argue that Allstate has failed to make the requisite showing of good cause necessary to obtain a protective order. Moreover, Plaintiffs argue that Allstate's proposed protective order is overbroad, as it gives Allstate carte blanche to seal any documents it pleases.

### 1. Whether the Information Constitutes Trade Secrets

As a preliminary matter, the Court notes that it employs a presumption of disclosure and non-secrecy, consistent with Supreme Court and Seventh Circuit precedent, because openness

fosters public confidence in its judicial system and tends to negate the perception that decisions are made in secret, smoke-filled back rooms. *See Union Oil Co. of Calif. v. Leavell*, **220 F.3d 562, 568 (7th Cir. 2000) (citing** *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, **513 U.S. 18, 27–29 (1994)) ("What happens in the halls of government is presumptively public business. Judges deliberate in private but issue public decisions after public arguments based on public records. . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification.").** Nonetheless, the Seventh Circuit has specifically noted that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." *Baxter Int'l, Inc. v. Abbott Labs.*, **297 F.3d 544, 545 (7th Cir. 2002).** However, this does not give a party free reign to seal whatever it wants—though the public interest in the disclosure of documents is at its lowest during pretrial discovery, the public interest "can be overridden only if the [litigants' interest in privacy] predominate." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, **178 F.3d 943, 944–45 (7th Cir. 1999).**

In keeping with these general principles, **FEDERAL RULE OF CIVIL PROCEDURE 26(c)(1)(G)** provides that, upon a showing of good cause, the Court may enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." The Illinois Trade Secrets Act defines a trade secret as

> information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that:
> (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and
> (2) is the subject of efforts that are reasonable under

-3-

>the circumstances to maintain its secrecy or confidentiality.

**765 ILCS 1065/2(d).** In addition to the terms of the Act itself, Illinois courts have traditionally considered six factors from the **RESTATEMENT (FIRST) OF TORTS § 757** in determining whether particular information constitutes a trade secret. ***Stenstrom Petroleum Servs. Group, Inc. v. Mesch*, 874 N.E.2d 959, 972 (Ill.App.Ct. 2007).** These factors include:

> (1) the extent to which the information is known outside the plaintiff's business; (2) the extent to which it is known by employees and others involved in the plaintiff's business; (3) the extent of measures taken by the plaintiff to guard the secrecy of the information; (4) the value of the information to the plaintiff and to the plaintiff's competitors; (5) the amount of effort or money expended by the plaintiff in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

***Id.* (citing *Liebert*, 827 N.E.2d 909, 921–22 (Ill.App.Ct. 2005)).**

Generally speaking, Allstate claims that the information it regards as trade secrets involve certain "pricing architecture." Allstate claims that this confidential information involves the methodologies and research it uses to develop its own algorithm for pricing insurance policies and assessing its potential risk of loss in insuring customers.

In support of its position that the documents in question contain trade secrets, Allstate initially provided a detailed affidavit from Dean Lamb, a Senior Actuary with Allstate, as an exhibit to its motion for reconsideration (Doc. 27-2, Exh. A). Therein, Lamb explains that because the information the information Allstate seeks to protect is regarded as proprietary and confidential, access to such documents is extremely limited, and those who are given access are required to execute confidentiality agreements. Additionally, few employees overall are given access to the information. Lamb also states that Allstate spent millions of dollars in gathering the information and

that the information has great commercial value as it allows Allstate to predict its potential risk of loss more accurately than its competitors can. Finally, Lamb claims that it would be otherwise difficult for Allstate's competitors to acquire the pricing information it seeks to protect.

Having fully considered Lamb's affidavit and the accompanying documents, the Court finds that the pricing information Allstate seeks to protect does involve trade secrets. Generally speaking, the documents submitted include spreadsheets and explanatory keys which reveal certain data, variables, and general weights accorded to them in developing Allstate's pricing information. As such, it appears that some of this information constitutes Allstate's pricing architecture, in the form of research and methodology underlying pricing calculations undertaken in the course of Allstate's business. The release of such material at this point has the potential to commercially harm Allstate and undermine the hefty monetary investment it has already placed in developing the data.

Additionally, the Court is satisfied that Allstate consistently regards this information as confidential and has taken substantial steps to ensure its secrecy. Few employees have access to the documents in question, and those that do are sworn to secrecy. Also, Allstate has provided a clear indication that the pricing information at issue has great value and would be difficult for its competitors to duplicate on their own.

Taking all of this into consideration, the Court finds that the pricing information Allstate seeks to protect does involve trade secrets. Accordingly, good cause exists to issue a protective order as to these documents during the discovery phase.

**2. The Breadth of the Proposed Protective Order**

Magistrate Judge Frazier's Order also specifically noted that the parties could not agree on the terms of a protective order and opined that the current proposed order is unlikely to

satisfy judicial scrutiny. Indeed, the Plaintiffs' primary concern appears to be that the current proposed protective order is overbroad. The Court agrees with this aspect of the Magistrate Judge's ruling. Allstate's proposed order goes beyond protecting trade secrets and gives itself carte blanche to decide what portions of the record shall be kept secret, and this is improper. *Citizens First Nat'l Bank*, **178 F.3d at 944–45.**

First, Allstate's proposed order is overbroad in that it keeps secret documents that include "pricing, scheduling or other confidential business information" and permits the parties to mark "any information or documents they reasonably believe to be document (sic) containing Confidential Information." As such, the proposed order encompasses information not related to Allstate's pricing formula. Such an order would permit Allstate to conceal information far beyond that which Court now finds good cause to protect.

This problem is further exacerbated in that the proposed order would also give Allstate unbridled discretion to determine what documents are confidential without regard to whether their disclosure would signal the research and methodologies underlying its pricing formula. Allstate proposes an order that would delegate to it the authority to make unilateral "good faith" determinations of whether a particular document should be designated as "confidential." Such a broad grant of authority is improper and cannot be permitted. *See id.* **at 944–45.**

Aside from the overbroad nature of the proposed protective order, Allstate offers a methodology for marking documents that is burdensome, unwieldy, and expensive. Surely there is a core set of documents, the secrecy of which would protect Allstate's pricing formula, yet be limited so that the parties do not have to make a federal case out of the document production process alone. The protective order could seal that set, ultimately allowing the parties to cite to specific documents, whose absence in the public domain would offer Allstate the protection it seeks. In

other words, the general type of information Allstate wishes to conceal must be narrowly described within the terms of any protective order, such that it fits within the set of documents the Court now finds good cause to seal.

Additionally, the Court notes that the proposed order complies with *Citizens First Nat'l Bank* in that it permits either party and interested members of the public to challenge the secreting of particular documents. *Id.* **at 946.** Nonetheless, it must be more precise in its treatment of whether documents are to remain sealed when used in support of dispositive motions and/or at trial (*see* Doc. 27-3, Exh. B, p. 4, ¶ 5). Given that the presumption of disclosure and non-secrecy increases when the documents in question underlie the Court's actual decision-making process, coupled with the fact that the Court is not now able to review each and every document Allstate seeks to mark as confidential, the Court believes it prudent to place the burden squarely upon Allstate to make a showing of good cause for secreting any particular documents the parties wish to attach to dispositive motions or present at trial. As such, the order should provide that where the parties disagree as to whether a particular document attached to any such motion should be sealed, Allstate shall be required to show good cause that a particular document should remain sealed. Any such document shall not become part of the public record until such time as the Court makes a ruling.

Finally, Allstate's protective order takes substantial liberties with respect to which facts the Plaintiffs have or have not agreed. Any protective order entered with respect to the above-described documents shall not take such liberties with the Plaintiffs' position in this case.

Thus, the current proposed protective order cannot pass judicial scrutiny and must be amended so as to comply with the instant order.

### C. Conclusion

Accordingly, the Court hereby **AFFIRMS IN PART AND REVERSES IN PART** Magistrate Judge Frazier's Orders (Docs. 26 & 30). The Court **REVERSES** the Magistrate Judge's denial of a protective order insofar as the Court now finds that good cause exists to issue a protective order with respect to Allstate's pricing information during the discovery phase.

However, the Court **AFFIRMS** the Magistrate Judge's ruling to the extent that the Court agrees that the proposed order, in its current form, is deficient. As a result, the parties shall confer with one another in order to agree upon a protective order that is consistent with this ruling. Allstate shall then file a motion before Magistrate Judge Frazier to enter the agreed-upon protective order **no later than September 24, 2008.** If the parties are unable to agree, Plaintiffs shall file <u>specific enumerated objections</u> to Allstate's motion and amended proposed protective order **no later than September 30, 2008** so that Magistrate Judge Frazier can expeditiously make a final ruling.

**IT IS SO ORDERED.**

**DATED this 17th day of September 2008.**

            <u>**s/ Michael J. Reagan**</u>
            **MICHAEL J. REAGAN**
            **United States District Judge**