## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT L. JOHNSON, Sr., ANTHONY L. RICHARDSON, SHELIA M. SYDNOR, and DEBORAH A. SPARKS, individually, and on behalf of all others similarly situated, | ) ) ) ) ) ) | Case No. 07-CV-0781-MJR-PMF |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ALLSTATE INSURANCE COMPANY, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

### A. Introduction/Background

On November 5, 2007, Plaintiffs Robert L. Johnson, Sr., Anthony L. Richardson, Sheila M. Sydnor and Deborah A. Sparks sued Defendant Allstate Insurance Company on behalf of a putative class. (Doc. 2.) Plaintiffs bring this suit under the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), **815 Ill. Comp. Stat. 505/1–12 (2008)**, alleging that Allstate violated the act by using multiple and differing insurance scoring schemes in order to charge higher premiums to insureds with similar insurance risk.

Currently before the Court is Allstate's motion to dismiss the two-counts against it. (Doc. 14.)  Specifically, Allstate argues Plaintiffs lack standing to bring this suit under the ICFA and should be dismissed. (Doc. 15.)  Allstate further argues that Plaintiffs  have failed to plead adequate facts to allow for recovery under the ICFA and requests the Court to dismiss both Counts I and II.

1

(*Id.*) Finally, Allstate requests the Court strike Plaintiffs' nationwide class allegations. (*Id.*) Because the Court lacks subject-matter jurisdiction over two of the parties due to their lack of standing, the Court will grant Allstate's motion in part with respect to Snydor and Sparks. The Court will defer ruling on the determination of the class until the class certification hearing. The Court will deny Allstate's motion in all other respects.

## B. Standing

Because Allstate is challenging Plaintiffs's standing, Allstate is essentially challenging the Court's subject-matter jurisdiction to hear Plaintiffs' claims.  The proper standard for a motion to dismiss based on standing is Federal Rule of Civil Procedure 12(b)(1), which provides for dismissal of an action based on lack of subject-matter jurisdiction.  *See Retired Chi. Police Ass'n v. City of Chi.*, 76 F.3d 856, 862 (7th Cir. 1996).  Because standing is a jurisdictional requirement, "[t]he Plaintiff bears the burden of establishing standing." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (citing *Perry v. Vill. of Arlington Heights,* 186 F.3d 826, 828 (7th Cir. 1999)).  "[W]hen a party moves for dismissal under Rule 12(b)(1), the nonmoving party must provide competent proof of jurisdictional facts to support its allegations." *Vill.of Riverdale v. 138th St. Joint Venture*, 527 F. Supp. 2d 760, 763 (N.D. Ill. 2007) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942))*.*  "[T]he degree of proof grows concomitantly with the stage of the litigation, with general allegations of injury usually sufficient to demonstrate standing at the pleading stage." *Id.* (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992)).

The elements of standing are "(1) an injury in fact, which is an invasion of a legally protected interest that is concrete and particularized and, thus actual or imminent, not conjectural or

hypothetical; (2) a causal relationship between the injury and the challenged conduct, such that the injury can be fairly traced to the challenged action of the defendant; and (3) a likelihood that the injury will be redressed by a favorable decision." *Id.*  "In ruling on a motion to dismiss for want of standing, the district court must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor." **Lee v. City of Chi., 330 F.3d 456, 468 (7th Cir. 2003) (citing *Retired Chi. Police Ass'n*, 76 F.3d at 862).**

If a defendant is making a factual challenge to a plaintiff's standing the standard changes.  As the Seventh Circuit explained, the situation is, essentially, that "'the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction.'" **Apex, 572 F.3d at 444 (quoting *United Phosphorus, Ltd. v. Angus Chem. Co.*, 332 F.3d 942, 946 (7th Cir. 2003)).**  When considering a factual challenge, "'[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" **Id. (quoting *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2003)).**  "Once [Defendant's] evidence is proffered, '[t]he presumption of correctness that we accord a complaint's allegations falls away,' and the plaintiff bears the burden of coming forward with competent proof that standing exists."  **Id. (second alteration in original) (citations omitted) (quoting *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998)).**  As a result, plaintiff must bear a heavier burden by supporting his allegations with "competent proof."  **Zamecnik v. Indian Prairie Sch. Dist. # 204 Bd. of Educ., No. 07 C 1586, 2009 WL 805654, at *1 (N.D. Ill. March 24, 2009) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).**  Courts have previously stated that "competent proof" requires "[a] showing by a preponderance of the evidence,

3

or proof to a reasonable probability, that standing exists." *Id.* **(citing *NLFC, Inc. v. Devcom Mid–Am., Inc.*, 45 F.3d 231, 237 (7th Cir. 1995)).**

### a. Plaintiffs Sparks and Sydnor

Allstate argues that Sparks and Sydnor lack injury in fact. Sparks and Sydnor allege in their complaint that they "purchased Allstate insurance without knowledge of Allstate's simultaneous use of multiple and differing insurance scoring schemes," (Doc. 2, ¶¶ 31–32) but Allstate asserts that it has never issued them "a policy of automobile, homeowners', motorcycle or renters' insurance" (Doc. 15).  In response, Sparks and Sydnor admit that they did not purchase their insurance directly through Allstate but instead allege that they purchased insurance through one of Allstate's subsidiaries.[1] (Doc. 19.)

The Court now must weigh the evidence before it concerning this issue. Allstate provides the Court with the affidavit of Lynn Gehant, who is the acting State Manager for the Midwest Region at Allstate Insurance Company, and she reiterates Allstate's assertion: "Allstate Insurance Company has never issued a policy of insurance to Plaintiffs Deborah Sparks or Sheila Sydnor." (Exh. A.) This rebuts the allegation in the complaint that Sparks and Sydnor purchased Allstate insurance. In response, Sparks and Sydnor provide nothing but their allegations. They have not provided the Court affidavits that they have insurance through Allstate subsidiaries. They have not provided the Court their insurance policies with those supposed Allstate subsidiaries. They do not even mention the supposed subsidiaries of Allstate through which they supposedly have insurance. Sparks and Sydnor have not even demonstrated to the Court that they have an insurance

---

[1] It is not entirely clear which Plaintiffs claim that they bought Allstate insurance through subsidiaries because Plaintiffs do not specify. (*See* Doc. 19.)

policy with anyone at all. The best proof that Plaintiffs can offer is Richardson's insurance policy with Allstate, but that is not an insurance policy of Sydnor or Sparks. As mentioned before, Sparks and Sydnor have the burden of proof in a factual challenge to the Court's jurisdiction, and as they have come forward with no proof at all, the Court cannot say that they have satisfied their burden of "competent proof" to their standing.

Sparks and Sydnor also argue that their lack of insurance from Allstate does not affect their standing because privity of contract is not required under the ICFA. Even if this argument is correct, the problem of proof of any insurance still remains. The Court does not know if Plaintiffs Sparks and Sydnor have insurance policies at all, let alone with Allstate or Allstate subsidiaries, leaving the Court to speculate as to whether they have suffered a judicially cognizable injury-in-fact.

Because Sparks and Sydnor have not satisfied their burden of proof with respect to the injury-in-fact requirement, the Court finds that Sparks and Sydnor lack standing to sue, meaning that the Court lacks subject-matter jurisdiction over their suit.

### b. Plaintiffs Johnson and Richardson

Allstate next argues that, while it did issue insurance policies to Plaintiffs Johnson and Richardson, those plaintiffs lack standing because it did not use insurance scores to determine the premiums charged to Plaintiffs. (Doc. 15.) Allstate is, in effect, attempting to argue a lack of traceability from the plaintiff's injury to their conduct. Its attempt to factually challenge traceability this way is misplaced.

To establish traceability, the plaintiff must show "a causal connection between the injury and the conduct complained of." *Rawoof v. Texor Petrol. Co.*, **521 F.3d 750, 756 (7th Cir.**

2008) (quoting **Lujan**, 504 U.S. at 560–61). "Article III requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court." **Anthony v. Am. Airlines, Inc.**, No. 03 C 3681, 2006 WL 2794777, at *4 (N.D. Ill. Sept. 27, 2006) (citing **Simon v. E. Ky. Welfare Rights Org.**, 426 U.S. 26, 41–42 (1976)).

Allstate presents an affidavit, again that of Lynn Gehant, to prove that it did not use insurance scores, attempting to factually challenge Johnson and Richard's standing on these grounds. The problem with this evidence is that it does not affect the traceability of Johnson and Richard's injury-in-fact to the conduct they complain Allstate did. Granted, it does call into question whether Allstate in fact engaged in the conduct, but conduct-in-fact is not the inquiry the Court undertakes when examining standing. The Court instead looks at "a fairly traceable connection between a plaintiff's injury and the *complained-of* conduct." **Rawoof**, 521 F.3d at 756 (emphasis added) (quoting **Lujan**, 504 U.S. at 560–61). The attempt to rebut the complained-of conduct by presenting evidence of their conduct-in-fact is simply an attempt to have a trial or summary judgment now when the Court is addressing jurisdictional questions.

Because the proffered evidence does not call into question Johnson and Richard's standing, Johnson and Richard need not come forward with evidence proving standing. They may, appropriately, rest on their allegations.[2]

---

[2] Allstate also raises argument concerning the standing of the absent class members, but the Court need not consider these arguments here. Such arguments are only appropriate at the class certification hearing, and as such, the Court will not rule on Allstate's arguments regarding absent class members now.

### C. Stating a Claim

Dismissal is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face" ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).** As the Supreme Court recently explained, "[a] pleading that merely offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" ***Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).** Additionally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Id.* (citing *Twombly*, 550 U.S. at 556).** In making this assessment, courts accept as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. ***Tricontinental Indus., Inc., Ltd. v. PriceWaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir.), *cert. denied*, 128 S. Ct. 357 (2007); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Corcoran v. Chi. Park Dist.*, 875 F.2d 609, 611 (7th Cir. 1989).**

### 1. Count I: Omission under the Illinois Consumer Fraud Act

The elements required of an ICFA claim are: "(1) a deceptive act or practice by defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) the occurrence of the deception during a course of conduct involving trade or commerce; (4) the plaintiff suffered actual damage; and (5) the damage was proximately caused by the deception" ***Geschke v. Air Force Ass'n*, 425 F.3d 337, 344 (7th Cir. 2005) (citing *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160**

**(Ill. 2002)).**  In order to bring a successful claim under the Illinois Consumer Fraud Act, "[t]he plaintiff must also be a consumer, as defined under the statute." ***Durst v. Ill. Farmers Ins. Co.***, **No. 05 C 574, 2006 WL 140546, at \*3 (N.D. Ill. Jan. 12, 2006) (citing *Williams Elecs. Games, Inc. v. Garrity*, 366 F.3d 569, 579 (7th Cir. 2004)).** Furthermore, "[a] complaint alleging a violation of the Illinois Consumer Fraud Act must be pleaded with the same particularity and specificity under [Federal Rule of Civil Procedure] Rule 9(b) as that required for common law fraud. ***IWOI, LLC v. Monaco Coach Corp.***, **581 F. Supp. 2d 994, 1002 (N.D.  Ill. 2008).**  Essentially, "[t]he plaintiff must plead the 'who, what, when, and where' of the alleged fraud." ***Uni\*Quality, Inc. v. Infotronx, Inc.***, **974 F.2d 918, 923 (7th Cir. 1992); *see also Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 777 (7th Cir. 1994) ("Rule 9(b)[] . . . requires 'the plaintiff to state the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'").**

When pleading an omission claim under the ICFA, a plaintiff must allege that defendant made an omission regarding a material fact in the course of trade or commerce. ***White v. DaimlerChrysler Corp.***, **856 N.E.2d 542, 549 (Ill. App. 2006) (citing *Pappas v. Pella Corp.*, 844 N.E.2d 995, 1001 (2006)).**  "A material fact exists where a buyer would have acted differently knowing the information, or if it concerned the type of information upon which a buyer would be expected to rely in making a decision whether to purchase." ***Connick v. Suzuki Motor Co.***, **675 N.E.2d 584, 595 (Ill. 1996).**   The ICFA further  provides that a statement or omission is deceptive if it creates the likelihood of deception or has the capacity to deceive. ***Trujillo v. Apple Computer, Inc.***, **581 F. Supp. 2d 935, 938 (N.D. Ill. 2008) (citing *Mackinac v. Arcadia Nat'l Life Ins. Co.*, 648 N.E.2d 237, 239 (Ill. App. 1995)).**

### a. Deceptive Act

Allstate first argues Plaintiffs have failed to sufficiently plead an Omission Claim under the ICFA and requests the Court dismiss Count I.  First, Allstate asserts Plaintiffs have not pled they were actually deceived and state it would be wrong for the Court to assume deception, when none occurred. (Doc. 15.)  The Court finds, however, Plaintiffs's complaint does plead enough facts to meet this prong of the ICFA.  According to the complaint, Allstate "[e]ngaged in unlawful schemes and courses of conduct with regard to the sale and marketing of its insurance through the omission, suppression and/or concealment from Plaintiffs and Class Members of Defendant's use of multiple and differing insurance scoring schemes that result in higher premiums for Plaintiffs and the Class." (Doc. 2, ¶ 52.) Plaintiffs goes on to argue how this information is material in that it is the sort of information a consumer would rely on in deciding to purchase insurance from Allstate, which according to relevant case law is more than sufficient to prove the element of materiality. ***See Connick***  **675 N.E.2d at 595.**  Based on these pleadings, the Court finds Plaintiffs sufficiently pled the "deceptive act" prong.

### b. Proximate Cause

Allstate next argues Plaintiffs have failed to allege sufficient facts concerning the element of proximate cause under the ICFA. (Doc. 15.)  To establish proximate cause, a plaintiff must prove "that he was actually deceived by the misrepresentations at issue in [the] case." ***Brown v. SBC Comm'cns, Inc.***, **No. 05-CV-777-JPG, 2007 WL 684133, at \*5 (S.D. Ill. March 1, 2007) (citing *Oshana v. Coca-Cola Bottling Co.*, 225 F.R.D. 575, 585 (N.D. Ill. 2005)).**  Concerning the issue of proximate cause, the Southern District has also stated: "[a]t the pleading stage . . . all that is necessary to allege proximate causation is to assert . . . the alleged misrepresentations were made,

9

the wrongful charges were paid." *Id.* **(citing** *Connick***, 675 N.E.2d at 595);** *see also id.* **("[T]he required allegation of proximate cause is minimal since that determination is best left to the trier of fact.").**  According to the complaint, Plaintiffs allege Allstate failed to inform potential consumers about their practices of forming insurance premiums with the intent of attracting more consumers, who would then later pay higher premiums. (Doc. 2, ¶¶ 52–55.) Assumedly, most consumers would act differently upon hearing an insurance company utilized this practice, and therefore, the omission is material. As a result of these alleged material omissions, Plaintiffs suffered damages. Construing all well pled facts in favor of Plaintiffs, the Court finds Plaintiffs have pled enough facts under the proximate causation prong of the ICFA at the pleading stage.

### c. Actual Damages

Finally, Allstate alleges Plaintiffs failed to plead specific damages because they failed to plead the specific premiums they paid or what amount they should have paid in comparison with similarly situated policyholders. (Doc. 15.)  To prove damages, a "plaintiff must allege that she has been harmed in a concrete, ascertainable way." *Frye v. L'Oreal USA, Inc.*, **583 F. Supp. 2d 954, 957 (N.D. Ill. 2008).** "'Theoretical harm is insufficient. Damages may not be predicated on mere speculation, hypothesis, conjecture or whim.'" *Id.* **(quoting** *Price v. Phillip Morris, Inc.*, **219 Ill.2d 182, 275, 848 N.E.2d 1 (2005) (Karmeier, J., concurring).**  In the complaint, Plaintiffs plead specifically they have been harmed by having to pay higher premiums than other Allstate customers with similar insurance risk. (Doc. 2, ¶ 55.)  The Court finds these pleadings are sufficient to show that Plaintiffs have suffered a concrete harm.   Based on these pleadings, the Court finds Plaintiffs have pled enough facts to allege they have been harmed in an ascertainable way.

**2. Count II: Unfair Practices under the ICFA**

        Allstate asserts Plaintiffs have failed to plead adequate facts to demonstrate unfair practices in violation of the ICFA. "The ICFA not only prohibits deceptive trade practices but also bans unfair practices." ***Centerline Equip. Co. v. Banner Personnel Serv., Inc.***, **No. 07 C 1611, 2009 WL 1607587, at \*5 (N.D.  Ill. June 9, 2009).** Courts have held the heightened pleading standard that applies to deceptive act claims need not apply when an a plaintiff alleges an unfair practice claim. ***Sardowski v. Med1 Online, LLC***, **No. 07 C 2973, 2008 WL 2224892, at \*7 (N.D. Ill. May 27, 2008)**; ***see also Thomas v. Arrow Fin. Servs., LLC***, **No. 05 C 5699, 2006 WL 2438346, at \*7 (N.D. Ill. Aug. 17, 2006) (stating that "allegations of unfair acts under the ICFA do not need to comply with Rule 9").** "When determining what constitutes an unfair practice, the statute directs courts to give 'consideration . . . to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act ['FTCA']. ***Id.*** **(alterations in original) (quoting 815 Ill. Comp. Stat. 505/2).** The Illinois Supreme Court has adopted three factors for construing the FTCA. ***Id.*** The factors used to determine whether acts done by a defendant are enough to meet the unfair practices prong are: "'(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers'" ***Id.*** **(quoting *Robinson v. Toyota Motor Credit Co.*, 775 N.E.2d 951, 961 (Ill. 2002)).** "All three criteria do not need to be satisfied to support a finding of unfairness.  A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." ***Robinson***, **775 N.E.2d at 961 (quoting *Cheshire Mortgage Servs. Inc, v. Montes*, 612 A.2d 1130, 1143 (Conn. 1992)).**

        First, Allstate asserts Plaintiffs have failed to plead adequate facts to demonstrate that

Allstate violated a public policy by allegedly charging different rates to those similarly situated. (Doc. 15.) Specifically, Allstate argues the policies cited by Plaintiffs are inapplicable to the insurance issues before the Court, which concern "private passenger automobile, homeowners,' motorcycle, and renters insurance." (*Id.*) Allstate argues that chapter 5, § 364 of title 215 of Illinois Compiled Statutes only applies to health and accident insurance, and Allstate also argues that § 906.10 of title 50 of the Illinois Administrative Code prohibits rate differentiation only based on membership in a group, which is not applicable here. (*Id.*)  In response, Plaintiffs concede that § 364 applies to health and accident insurance, but Plaintiffs maintain that § 364 covers the same types of injuries as most medical coverage, which was included in the basic homeowners insurance sold to Plaintiffs.[3]  (Doc. 19.) Plaintiffs also argue the language of § 906.10 clearly indicates a violation of public policy, which states:

> Furthermore, there are no enabling statutes in Illinois which authorize the writing of group fire, casualty, inland marine or surety insurance. The effect of the Illinois Law is to require that all fire, casualty, inland marine or surety insureds of the same class shall be treated alike.

Plaintiffs also argues "casualty insurance" covers "accident coverage, vehicle coverage, liability coverage, and burglary coverage," which is one of the types of insurance at issue before the Court (*Id.*).  Finally, Plaintiffs argue the title of chapter 906 is plainly indicative that the legislature intended the chapter to be applicable to more than just group members, "illegal groups[,] and unfair discrimination," and therefore, Allstate's argument that provision § 906.10 only applies to members

---

[3]"Discrimination between individuals of the same class of risk in the issuance of its policies or in the amount of premiums or rates charged for any insurance covered by this article, or in the benefits payable thereon, or in any of the terms or conditions of such policy, or in any other manner whatsoever is prohibited. **215 Ill. Comp. Stat. 5/364.**

of a group is irrelevant. (*Id.*)

After a review of both provisions and taking and construing all reasonable inferences in favor of Plaintiffs, the Court finds Plaintiffs have pled enough facts to meet this prong. According to the language of § 364, companies are prohibited from charging different rates to those who are similarly situated in regards to accident or health insurance, which Plaintiffs assert is contained in the homeowners insurance held by Plaintiffs. As such, at the very least, this statute would be violated if Allstate allegedly charged different rates, concerning the medical coverage included in homeowner's insurance. Furthermore, the language of § 906.10 seems to indicate that it prohibits against unfair discrimination of those similarly situated and not simply to members of a specific group. The provision by its express language prohibits unfair discrimination concerning "casualty insurance," which seems to be at issue in this case. Because the alleged practices of Allstate would violate both statutes, the Court finds Plaintiffs have met one of the criteria for pleading an "unfair practices" claim under the ICFA.

Allstate also argues that Plaintiffs fail to plead immoral, unethical, or oppressive practices or substantial injury as stated in *Robinson*, but the Court does not need to consider these arguments. The presence of one of the three factors in sufficient degree is enough to prove an unfair practices claim. **Robinson, 775 N.E.2d at 961**. Because Plaintiffs have met the pleading requirements with respect to violation of public policy, they state an unfair practices claim under the ICFA.

### D. Class Action

Finally, regarding whether or not Plaintiffs' putative class should be certified pursuant

to Federal Rule of Civil Procedure 23, the Court need not make this determination now. Instead, the Court will make this determination at the class certification hearing, and as such, the Court will withhold judgement on this matter until such time.

## E. Conclusion

Sydnor and Sparks have not met their burden of proof regarding standing, failing to provide any proof of an injury in fact, so the Court **GRANTS IN PART** Allstate's motion to dismiss. (Doc. 14.) Sydnor and Sparks are **DISMISSED WITH PREJUDICE**. Johnson and Robinson have alleged their standing, notwithstanding Allstate's failed factual challenge, and have adequately alleged facts stating claims under the ICFA, so the Court **DENIES** Allstate's motion to dismiss in all other respects. Additionally, determination of the class certification at this point is premature, so the Court defers ruling on Allstate's motion to strike.

IT IS SO ORDERED.

DATED this 30th day of September, 2009.


s/ Michael J. Reagan
Michael J. Reagan
United States District Judge

14