IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT L. JOHNSON, SR., ANTHONY L. RICHARDSON, SHEILA M. SYDNOR, and DEBORAH A. SPARKS, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: **3:07-cv-00781-MJR-PMF**<br>)<br>)<br>)<br>) |

## ORDER

**FRAZIER, Magistrate Judge:**

Before the Court are two motions. The first is Plaintiffs' Motion to Compel (Doc. 146), and the second is Defendant's Motion for Partial Reconsideration (Doc. 154).

Plaintiffs, in their Motion to Compel, argue that Defendant has improperly withheld documents purportedly subject to the attorney-client privilege. During the December 11, 2010 discovery hearing, this Court requested that Plaintiffs submit a brief – 10 pages or less – as to why certain employees whom Defendant claims an attorney-client privilege with respect to do not qualify to assert such a privilege. Defendant was given 10 days to respond. The purpose of these briefs was to provide the Court with *examples* of the types of individuals Defendant was asserting the attorney-client privilege with respect to, rather than addressing every individual listed on Defendant's Privilege Log. Having had the opportunity to read the parties' briefs, and listen to their arguments at the February 4, 2010 telephone discovery hearing, the Court finds as follows:

Plaintiffs, in their brief, have reproduced information from counsel for Defendant's website regarding the attorney-client privilege for in-house counsel. Specifically, counsel's website states that:

"Under Illinois law, the attorney-client privilege only protects communications between attorneys and corporate employees when
    (1) the employee is in an advisory role to top management such that the top management would *normally* not make a decision in the employee's particular area of expertise without the employee's advice or opinion; and
    (2) that opinion does in fact form the basis of the final decision by those with actual authority. The burden of showing these facts is *on the party claiming the exemption.*[1]

During the February 4, 2010 discovery hearing, Erin English was the employee whom the Court and parties used as an example to understand why Defendant was claiming an attorney-client privilege with respect to most of the documents on its privilege log. Defendant argued that even though English was at least five rungs down the corporate latter from individuals considered top management, she nonetheless was a member of informal committees – along with attorneys employed by Defendant – whose purpose was to address specific customer complaints. Defendant has failed to meet its burden of sowing that English's *normal* duties including advising top management. Additionally, Defendant failed to show that while on these informal committees, English solicited legal advice from Defendant's attorneys.

Having failed to meet its burden, the Court GRANTS Plaintiff's Motion to Compel (Doc. 146), and hereby ORDERS that Defendant produce all documents listed on its privilege log that it has withheld on the basis of attorney-client privilege by February 19, 2010. It should be noted that this order applies to all employees currently or formerly employed by Defendant, and not just the individuals mentioned in the parties' briefs to the Court.

With respect to Defendant's Motion for Partial Reconsideration, the Court hereby DENIES Defendant's motion (Doc. 154). Defendant is ORDERED to produce documents

---

[1] https://www.lexmundi.com/images/lexmundi/PDF/AttyClient/2007Atty_Client_Update/At_Client_USA ILLINOIS.pdf (citing *Consolidated Coal Co.*, 432 N.E.2d 250, 257-258 (Ill. 1982)) (emphasis added).

provided to the Federal Trade Commission ("FTC") in connection with the FTC's March 27, 2009 Amended Order to File a Special Report.  Defendant shall produce these documents by February 19, 2010.

**SO ORDERED.**

**DATED: February 5, 2010.**

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**