IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT L. JOHNSON, SR., ANTHONY L. RICHARDSON, SHEILA M. SYDNOR, and DEBORAH A. SPARKS, individually, and on behalf of all others similarly situated, ) ) ) ) ) | No.: 07-CV-781 MJR |
| Plaintiffs, ) ) | |
| vs. ) ) | Judge Michael J. Reagan |
| ALLSTATE INSURANCE COMPANY, ) ) | Magistrate Judge Philip M. Frazier |
| Defendant. ) | |

**ALLSTATE INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS
RULE 72 OBJECTION TO MAGISTRATE JUDGE FRAZIER'S
GRANT OF PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF PRIVILEGED DOCUMENTS**

Contrary to plaintiffs' efforts to distinguish the Seventh Circuit's decision in *American Nat'l Bank and Trust Co. of Chicago v. Equitable Life Assurance Society of the U.S.*, 406 F.3d 867 (7th Cir. 2005), that decision is directly applicable here. In *American Nat'l Bank*, the Seventh Circuit was clear that an order requiring the global disclosure of all documents withheld on the basis of privilege because a subset of documents were determined by the court to be not privileged was an abuse of discretion.[1] Effectively, the Magistrate Judge here has done the same thing: based on information regarding a discrete group of withheld documents involving a limited subject matter (customer complaints), the Magistrate Judge has rejected the attorney-client privilege with respect to more than 1000 other documents involving completely different individuals and topics totally unrelated to customer complaint documents and generated at different times over an almost ten-year period of time.

---

[1] While the order in *American Nat'l Bank* was imposed as a sanction and plaintiffs attempt to distinguish it in their response (Doc. 187 at 13) on that basis, the sanction aspect of the order is not a material distinction with respect to this case.

Indeed, unlike the court in *American Nat'l Bank,* the Magistrate Judge here did not actually review a single withheld document in connection with plaintiffs' Motion to Compel (Doc. 146). Moreover, while the size of privileged document collection in *American Nat'l Bank* was smaller than the collection here, the rationale of the Seventh Circuit's admonishment against such global disclosure orders without any *in camera* review applies nonetheless:

> [T]he magistrate judge, given the manageable quantity of documents at issue, should have simply instituted a procedure by which he would review (himself or through a special master) every document contested by Emerald-*even if that meant reviewing every document in that half box. See In re BankAmerica Corp. Secs. Litig.,* 270 F.3d 639, 644 (8th Cir.2001) ("[D]istrict courts should be highly reluctant to order disclosure without conducting an *in camera* review of allegedly privileged materials."). Such a process would have struck the right balance between the parties' competing interests and would have-given the protracted log proceedings that continue to this day-saved judicial resources. *See Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.,* 426 U.S. 394, 405, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976) ("[A]n *in camera* review of the documents is a relatively costless and eminently worthwhile method to insure that the balance between petitioners' claims of ... privilege and plaintiffs' asserted need for the documents is correctly struck."). In short, rather than resorting to an ill-advised sanction and imprudent sampling procedure, a full *in camera* review of the log documents would have been "a highly appropriate and useful means of dealing with" the sensitive privilege issues in this case. *Id.* at 406, 96 S.Ct. 2119.

406 F.3d at 880 (footnote omitted). This position by the Seventh Circuit is longstanding. *See In re Grand Jury Proceedings,* 220 F.3d 568, 571 (7th Cir.2000) ("Only when the district court has been exposed to the contested documents and the specific facts which support a finding of privilege under the attorney-client relationship for each document can it make a principled determination as to whether the attorney-client privilege in fact applies." (quoting *Holifield v. United States,* 909 F.2d 201, 204 (7th Cir.1990))); *United States v. Tratner,* 511 F.2d 248, 252 (7th Cir.1975) (" 'The responsibility of determining whether the privilege exists rests upon the District Judge and not upon the lawyer whose client claims the privilege.' Where this evidence

may be presented only by revealing the very information sought to be protected by the privilege, an *in camera* inspection of the evidence may be appropriate." (quoting *NLRB v. Harvey*, 349 F.2d 900, 907 (4th Cir.1965))).

During the hearing on plaintiffs' Motion, the Magistrate Judge recognized the Seventh Circuit's view of the need for *in camera* review to resolve privilege challenges when he stated, "It's going to take some sort of an examination, I suppose, of exactly what the -- how particular communications were handled on a day to day basis." (Doc. 144 at p. 136, lines 3-6.) But he then failed to conduct this very examination that he (and the 7th Circuit) said would be required. Significantly, the Magistrate Judge expeditiously resolved an earlier privilege challenge by plaintiffs with respect to the same substantial privilege log by performing an *in camera* review. (*See* Docs. 41 and 42.) That process struck the right balance and the privilege was upheld. (*Id.*)

Set in this context, Magistrate Judge Frazier's February 5, 2010 Order (Doc. 177) granting plaintiffs' Motion to Compel (Doc. 146) and requiring Allstate to produce <u>every</u> single document on its privilege log withheld solely on the basis of attorney-client privilege is error.[2] It is erroneous to permit a party to challenge *en masse* a detailed, 1000+ item privilege log involving hundreds of different authors and recipients and diverse, unrelated subject matters generated over an almost ten year period without specifying particular documents at issue and shift the burden to the defendant to produce detailed evidence regarding <u>every</u> document without knowing the basis of the challenge for each document. Both selectivity by the challenging party and review of some type by the Court is necessary before voiding privilege assertions across the board. *See In re Grand Jury Proceedings,* 220 F.3d at 571.

---

[2] In his March 9, 2010 Order (Doc. 188), the Magistrate Judge reiterated his position expressed in the February 5, 2010 (Doc. 146) requiring disclosure of all documents withheld solely on the basis of attorney-client privilege. Allstate objects to that Order for the same reasons it objected to the February 5 Order and hereby asserts its objections to the March 9 Order by reference to its prior objections to the February 5 Order (Doc. 180).

On its face, Allstate's privilege log is valid and it demonstrates the basis for the assertion of privilege for every document withheld. Significantly, it is undisputed that every log entry implicates the involvement of an Allstate attorney. In support of their Motion, plaintiffs never challenged the privilege as to any particular document. And at the Hearing, they limited their challenge to, and the Court only considered, a group of documents involving customer complaints and a limited number of specific document custodians. It is undisputed that Allstate's privilege log contains more that 1000 documents completely unrelated to the customer complaint documents: documents sent to or by numerous and completely different employees, involving various differing topics, and all involving attorneys representing Allstate and many involving the most senior levels of the company. But plaintiffs never offered any basis justifying rejection of the attorney-client privilege as to these myriad other documents other than to make a blanket assertion that they were not control group decision documents. Nonetheless, and without providing any rationale for doing so or examining any documents *in camera* at all, the Magistrate Judge did just what the magistrate judge in *American Nat'l Bank* did: he issued a blanket global disclosure order, rejecting the assertion of attorney-client privilege across the board and, as a result, baselessly swept up documents that involve numerous authors, recipients and subject matters completely different from those reflected in the customer complaint documents. As to these documents, plaintiffs made no record at all and never provided any basis for an assertion that their authors and recipients did not qualify under the Illinois control group test. Nothing supports an across the board rejection of privilege in this manner.

In attempting to preserve the Magistrate Judge's error in baselessly revoking privilege, plaintiffs now assert that Allstate should have known that they were challenging privilege as to every single one of the thousands of documents withheld on the basis of attorney-client privilege alone. If that were the case, then it was plaintiffs, not Allstate, who made the tactical error: since

plaintiffs were the moving party, theirs was the burden to establish some basis for rejecting the privilege as to all of the numerous individuals listed on Allstate's privilege log and not just the customer complaint ones plaintiffs raised at the hearing. Indeed, plaintiffs' belief in this position rings a little hollow where they have indicated, in their response to Allstate's objection to the February 5 Order (Doc. 187), that they would object to an *in camera* review of all documents withheld as attorney-client privileged. (Doc. 187 at 13.) Their claim that such review would be prohibitively unmanageable also seems ironic where they themselves created that difficulty by their global challenge to the entire privilege log. Moreover, "it's too hard" does not seem to be a particularly good basis for avoiding *in camera* review given the Seventh Circuit's strong mandate in favor of it. 406 F.3d at 880. In fact, the Magistrate Judge and the parties here all previously recognized that it is not too hard to fairly resolve a privilege challenge through an *in camera* review and there is no reason that a similarly fair process that would strike the proper balance could have been employed in the current circumstances.

    The February 5 Order was clearly erroneous where it rejected the attorney-client privilege globally. Before such a drastic measure as a wholesale elimination of the attorney-client privilege is taken, plaintiffs should have been required to specify particular challenges to particular documents and present some basis supporting their assertion of no privilege and Allstate should have been given a chance to defend its privilege and address particular, specific challenges as to each individual document or group of documents in an *in camera* review.

Dated: March 12, 2010					Respectfully submitted,

/s/ Troy A. Bozarth
Troy A. Bozarth – 06236748
*troy.bozarth@heplerbroom.com*
HEPLERBROOM LLC
103 W. Vandalia St., Suite 300, POB 510
Edwardsville, Illinois 62025-0510
(618) 656-0184

Jeffrey Lennard - 1618059
*jlennard@sonnenschein.com*
John Grossbart - 3126133
*jgrossbart@sonnenschein.com*
M. Keith Moskowitz - 6274101
*mmoskowitz@sonnenschein.com*
Anne W. Mitchell - 6278050
*amitchell@sonnenschein.com*
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower, 233 S. Wacker Drive
Chicago, Illinois 60606
(312) 876-8000


ATTORNEYS FOR DEFENDANT
ALLSTATE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2010 a copy of the foregoing

**ALLSTATE INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS
RULE 72 OBJECTION TO MAGISTRATE JUDGE FRAZIER'S
GRANT OF PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF PRIVILEGED DOCUMENTS**

was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Aaron M. Zigler    azigler@koreintillery.com

David W. Jones    djones@brsfirm.com

Ronald Martin Weber , Jr    mweber@crowleynorman.com

Stephen M. Tillery    stillery@koreintillery.com

Walt D. Roper    walt@roperfirm.com, sara@roperfirm.com

/s/ Troy A. Bozarth