IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT L. JOHNSON, SR.** and **ANTHONY L. RICHARDSON,**     Plaintiffs, v. **ALLSTATE INSURANCE COMPANY,**     Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 07-CV-0781-MJR-PMF |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This is a putative class action in which plaintiffs allege that Defendant Allstate Insurance Co. committed various acts of consumer fraud under its rate-calculation strategem. Plaintiffs' motion for class certification (Doc. 91) is pending as well as several auxiliary matters affecting it: Allstate's motion to strike the plaintiffs' class allegations (Doc. 14); plaintiffs' motion for sanctions (Doc. 89); plaintiffs' motion to amend or correct the complaint (Doc. 106); and two motions to intervene made by 21 interveners (Docs. 105, 149). These motions affect the class definition and the motion to certify so the Court addresses them before it can adequately address the motion to certify.

### Motions to Intervene and Amend/Correct

There are 20 individuals seeking to intervene in this case who hail from states other than Illinois and are represented by the same counsel representing the current named plaintiffs. Those plaintiffs have, simultaneously with the interveners' motions, moved to amend or correct the complaint by adding new class definitions and theories of relief applicable to states other than Illinois. These three motions, when taken together, suggest a joint endeavor between currently named plaintiffs and interveners to add parties to the class action from states outside Illinois and to include claims based on law outside of Illinois. This legal maneuvering may have resulted from a

concern that Illinois's Consumer Fraud and Deceptive Business Practices Act (ICFDBPA), 815 Ill. Comp. Stat. 505/1–12 (2008), cannot be applied extraterritorially to the claims of non-residents of Illinois. *See Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 396–97 (7th Cir. 2009) (affirming the dismissal of an ICFDBPA claim brought by a non-resident of Illinois against a defendant who allegedly mounted a fraudulent scheme from Illinois); *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 849–55 (Ill. 2005) (holding that non-residents of Illinois who allegedly were defrauded by an Illinois-based insurance company lacked standing to sue under the ICFDBPA). By intervening and amending, plaintiffs' counsel hope to add new plaintiffs who have standing to assert claims under the laws of other states and be class representatives for those claims.

This endeavor is not without problems in that the interveners cannot intervene as a matter of right. The interveners admit that "their interests are adequately protected by the named Plaintiffs."[1] (Doc. 105 at 1; Doc. 149 at 1.) By so admitting, the interveners fail to meet the requirements for intervention as of right:

> On timely motion, the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, *unless existing parties adequately represent that interest*.

Fed. R. Civ. P. 24(a) (emphasis added).

The inability to intervene as of right, though, is not fatal. What counsel for plaintiffs are requesting is to add co-plaintiffs, along with their theories of relief, so there is no need for intervention here. Intervention is "a procedure by which an outsider with an interest in a lawsuit may come in as a party though the outsider has not been named as a party by the existing litigants."

---

[1] If the interveners did have interests adverse to the current plaintiffs, then plaintiffs' counsel could be conflicted in representing them in addition to the plaintiffs. As counsel for both, it is understandable that putative class counsel does not claim intervention as a matter of right due to inadequate representation.

2

7C Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1901, at 257 (3d ed. 2007). A plaintiff can name a new party through an amendment. 6 Charles Allen Wright et al., *Federal Practice and Procedure* § 1474, at 549–52 (2d ed. 1990); *see also Thompson v. Jiffy Lube Int'l, Inc.*, 505 F. Supp. 2d 907, 912–13 (D. Kan. 2007) ("Rule 15(a) governs the addition of a party . . . because it is actually a motion to amend." (quoting *United States ex rel. Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1018 (10th Cir. 1994))). In this case it seems particularly appropriate to apply Rule 15 rather than Rule 24 because the intervening plaintiffs are not adversarial to any of the existing plaintiffs, are represented by the same counsel and freely admit that the existing plaintiffs are adequate to protect the interests of the members of the proposed class. Accordingly, Rule 15 rather than Rule 24 is the correct procedural vehicle by which to add these new plaintiffs in this case, and the Court will construe the motions to intervene as motions to amend the complaint.

Allstate opposes the motions on timeliness and futility grounds.[2] Neither of these objections are sufficient to justify denial of leave to amend in view of the strong presumption in favor of granting leave to amend pleadings. *See Foster v. DeLuca*, 545 F.3d 582, 583 (7th Cir. 2008) (leave to amend under Rule 15 should be freely given); *Marshall v. Knight*, 445 F.3d 965, 970 (7th Cir. 2006) (same); *see also Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) (noting that a grant or denial of leave to amend is within a district court's discretion); *id.* ("'Discretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.' It evinces a bias in favor of granting leave to amend."). With respect to futility, Allstate merely argues that the amended class definition lacks merit, not that "the proposed amendment fails to cure the deficiencies in the original pleading, or

---

[2] Allstate also opposed the motions on issues relevant to intervention (such as the interveners' freedom to pursue separate actions), but because the Court construes the motions as being for amendment and not for intervention, those arguments are not persuasive.

could not survive a second motion to dismiss." *Foster*, 545 F.3d at 583. Regarding timeliness, the Court recognizes a substantial amendment like the one proposed coming two years into litigation is potentially prejudicial. But not on the facts of this case. The plaintiffs being added allege the same overall scheme as the plaintiffs currently in the case except that the facts regarding the obtaining of the insurance policies and the causes of action come from different states. Making those new plaintiffs bring a separate suit, especially when the present suit is a class action, would make everyone start over from scratch and duplicate effort, and that seems more costly and prejudicial to both parties and judicially inefficient than to allow this amendment. The Court is convinced that leave to amend is appropriate here.

The Court also notes that during the hearing on these motions, both parties mentioned an amendment to the proposed class definition present in a footnote in the plaintiffs' reply brief. And the Court orally granted a motion to amend the class definition at the hearing. Considering that this amendment should be part of the formal class definition as reflected in the pleadings, granting leave to amend will allow the record to reflect the precise classes that the plaintiffs seek to have certified. Additionally, defendant can challenge the standing of the named plaintiffs as they did with the initial complaint where defendants contended that the class representatives lacked proof of injury-in-fact and failed to meet the class definition.

Despite the success on the motion to amend, putative class counsel's victory may be Pyrrhic. Claims brought under the laws of different states can be transferred to federal courts in those states under 28 U.S.C. § 1404 on the basis of the superior familiarity of those courts with the relevant state law, and can even be done sua sponte. *See Robinson v. Town of Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) (discussing a district court's power to transfer claims sua sponte under § 1404); 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3844 (3d ed. 1998 & Supp. 2009) (collecting cases); *see also TV-3, Inc. v. Royal Ins. Co. of Am.*, 28 F. Supp. 2d 407, 420

(E.D. Tex. 1998) (transferring a case brought in diversity jurisdiction to Mississippi because Mississippi law applied to the case); *Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 8–9 (D.D.C. 1996) (where a case involves interpretation of a particular state's laws, this factor may weigh in favor of transfer). Also, the issue of the creation of classes or subclasses under the laws of multiple states is likely to create serious questions about the predominance of common issues and manageability of the case as a class action under Rule 23(b)(3) at the stage of class certification. *See Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 674–75 (7th Cir. 2001) (vacating a grant of class certification in a case involving claims under the law of multiple states); *Cunningham Charter Corp. v. Learjet, Inc.*, 258 F.R.D. 320, 332–33 (S.D. Ill. 2009) (Herndon, C.J.) (holding that predominance was not satisfied where class certification raised issues about choice of law among the laws of multiple states); *McDaniel v. Qwest Commc'ns Corp.*, No. 05 C 1008, 2006 WL 1476110, at **16–18 (N.D. Ill. May 23, 2006) (same).

These are questions that have not been addressed but are certain to arise, so the Court will direct the filing of a new motion for class certification.

### Motion to Strike

The Court has already decided Allstate's motion to dismiss, but coupled with the motion to dismiss was a request for the Court to strike from the complaint the class allegations (Doc. 14). The Court reserved ruling on the motion until the class certification motion was heard. The Court will now deny the motion.

The grounds on which Allstate seeks to strike the class allegations are (1) certifying a nationwide class conflicts with § 2 of the McCarran–Ferguson Act, 15 U.S.C. § 1012 (2006); (2) certifying a nationwide class offends federal comity; and (3) certifying a nationwide conflicts with the Constitution's Due Process, Commerce and Full Faith and Credit Clauses. Notably, Allstate does not discuss whether the class certification allegations are "an insufficient defense" or are "redundant, immaterial, impertinent, or scandalous matter," which are the appropriate grounds for striking parts

of a pleading. Fed. R. Civ. P. 12(f). Instead, their arguments go to the merits of class certification. Considering that these grounds belong in a response to a motion for class certification (and also considering that the Court believes it is appropriate for the parties to brief, yet again, class certification), Allstate can raise these concerns again on the merits when it responds to plaintiffs' motion.

## Motion for Sanctions

Doc. 89 is a motion for sanctions filed by plaintiffs against Allstate. In the motion, plaintiffs allege that Allstate sent a pallet-sized load of documents in response to an old request for production. The documents, numbering more than 850,000 pages, arrived one week before the motion to certify class was originally due. The plaintiffs seek conditional class certification as a sanction or extension of time to file the motion for class certification.

This motion is no longer an issue. Given the developments in the case, the Court will be giving the plaintiffs an opportunity to file a new class certification motion. As their motion for sanctions was premised on the prejudice caused by the voluminous and supposed late response to the discovery requests, the additional time that the Court is now granting to prepare a new motion for certification will cure whatever prejudice resulted from the alleged discovery abuse. But the Court cautions all sides that this type of discovery dumping will not be countenanced.

## Conclusion

The motions to intervene (Docs. 105, 149) are construed as motions for leave to amend, and, so construed, they are **GRANTED**. Similarly, the motion for leave to amend or correct the complaint (Doc. 106) is also **GRANTED**. Plaintiffs have until April 12, 2010 to file an amended complaint. Allstate shall respond to the newly-amended complaint no later than April 26, 2010

Because of the amendments to the complaint and the plaintiffs' class definition, the motion for class certification (Doc. 91) is necessarily incomplete. It is therefore **DENIED WITHOUT**

6

**PREJUDICE**. Plaintiffs have until April 12, 2010 to file an updated motion for class certification with separate supporting memorandum, not to exceed 40 pages. Because Allstate is likely to need more time and pages than the rules permit to challenge the standing of the current and newly added plaintiffs, it has 40 pages and up to May 17, 2010 to file its response to the class certification motion. The arguments raised in the motion to strike (Doc. 14) are grounds for denial of class certification as opposed to grounds for striking parts of pleadings, so the Court **DENIES** Allstate's motion to strike. The Court does not anticipate that further oral argument on the motion for class certification is necessary, but if the briefing suggests otherwise it will enter a separate order scheduling oral argument.

Considering that the plaintiffs are receiving additional time to complete their class certification motion, this should cure any prejudice resulting from the alleged discovery abuse, so the motion for sanctions (Doc. 89) is **DENIED** as **MOOT**.

The parties' Joint Motion to Hold Scheduling Conference or, in the Alternative, to Continue the Trial Date (Doc. 190) is **GRANTED**. The final pre-trial date of April 9, 2010 and trial date of April 26 are **VACATED**. Once the Court rules on the motions challenging the amended complaint and amended motion for class certification, the parties should contact the Court for a status conference to discuss scheduling.

    **IT IS SO ORDERED.**

    **DATED March 29, 2010.**

    s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**