IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT L. JOHNSON, SR., et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   Case No. 07-CV-0781-MJR-PMF |
| | ) |
| **ALLSTATE INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On September 30, 2009, the Court granted in part the motion of Defendant Allstate Insurance Co., dismissing Plaintiffs Sheila Sydnor and Deborah Sparks with prejudice for lack of standing but allowing the rest of the suit to go forward. (Doc. 124.) Sydnor and Sparks have moved for the Court to reconsider the order, and so has Allstate. (Docs. 125, 129.) Sydnor and Sparks also want the Court to strike affidavits in Allstate's motion to reconsider that are also used as affidavits for class certification. (Doc. 227.) The Court will grant the motion to strike but will deny the motions to reconsider. The Court will also, on its own motion, modify its order dismissing Sydnor and Sparks with prejudice so that it dismisses them for lack of subject-matter jurisdiction.

### Plaintiffs' Motion to Strike

The Plaintiffs have moved for the Court to strike affidavits submitted by Allstate both for its motion for reconsideration and its opposition to the motion for class certification (Doc. 209). These affidavits are from six former employees of the Illinois Department of Insurance: Philip O'Connor, Richard Mathias, Zach Stamp, Mark Boozell, Steven Selcke and Robert Heisler. Before the Court turns to the arguments on the motion to strike, the Court needs to address Allstate's argument that the motion should be denied as untimely. It is true that the motion to strike was formally presented several months after the Plaintiffs' response to the motion to reconsider. However, in their response

to Allstate's motion to reconsider and thereafter, the Plaintiffs have consistently contested the appropriateness of the affidavits upon which Allstate wants the Court to rely. The reason for the latter formal motion was because the affidavits, while not used in Allstate's initial opposition to class certification, were reused in Allstate's opposition to the restated or updated motion for class certification. Even if the Plaintiffs had not presented the formal motion to strike, the Court would have to decide to consider the affidavits or not when deciding this motion and the motion to certify the class. Addressing the matter now, once and for all, is better than taking care of the issue in series.

Although the rules of procedure only address striking pleadings and parts of pleadings, not motions or affidavits, *see* Fed. R. Civ. P. 12(f) ("The court may strike *from a pleading* . . . ." (emphasis added)), that does not mean that a motion to strike an affidavit is improper. Motions to strike affidavits examine the affidavit for purposes of evidentiary admissibility, and decisions on those motions are committed to the Court's sound discretion. *See Holbrook v. Norfolk S. Ry. Co.*, 414 F.3d 739, 745 (7th Cir. 2005). (reviewing a district court's decision on a motion to strike affidavit as inadmissible for abuse of discretion, noting that decisions "that are reasonable, *i.e.*, not arbitrary, will not be questioned" (quoting *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 986 (7th Cir. 2001))).

The Plaintiffs argue that the Court should ignore the affidavits entirely as unhelpful. They cite *United States v. Carroll* in support of their argument, which but for one issue is on all fours for this case. 320 F. Supp. 2d 748, 755 (S.D. Ill. 2004) (Herndon, J.). Former employees of the U.S. Department of Health and Human Services submitted their affidavits on the interpretation of federal regulations. The Court held that it could not consider these materials because they were not entitled to deference under *Chevron U.S.A., Inc. v. Natural Res. Defense Council, Inc.*, 467 U.S. 837 (1984). The reason that they were not entitled to deference was that "courts must only give deference to agency interpretations contained in 'notice-and-comment rulemaking,'" and at best the

affidavits submitted "equate to an opinion letter." *Carroll*, 320 F. Supp. 2d at 755 (citing *Am. Fed. of Gov't Employees v. Rumsfeld*, 262 F.3d 649, 658 n.10 (7th Cir. 2001)). The Court went further:

> More importantly, the experts' opinions do not amount to "agency" interpretations since they are not officials within these agencies and are no longer even employed by the federal government. Therefore, the experts' opinions are not authoritative to the extent they interpret and apply Congressional statutes relevant to the governmental groups for which they were formerly employed.

*Id.*

As Allstate seeks to have the Court defer to the opinions of former employees not expressed in agency actions as to the interpretation and application of statutes and regulations, *Carroll* would apply entirely to this situation but for one exception: *Carroll* dealt with federal laws, regulations and former government employees, not Illinois laws, regulations and former government employees. Because Illinois courts defer to administrative interpretations of Illinois statutes in the same way as the federal courts do of federal statutes, *see, e.g.*, *County of Du Page v. Ill. Labor Relations Bd.*, 900 N.E.2d 1095, 1104 (Ill. 2008) ("[C]ourts afford considerable deference to the interpretation of an ambiguous statute by the agency charged with its administration." (citing *Lauer v. Am. Family Life Ins. Co.*, 199 Ill.2d 384, 388 769 N.E.2d 924 (2002); *Phoenix Bond & Indemnity Co. v. Pappas*, 194 Ill.2d 99, 106, 741 N.E.2d 248 (2000))), the Court has no trouble applying *Carroll* to this case.

Allstate attempts to get around the *Carroll* problem by arguing that the affiants are fact witnesses, not expert witnesses, and as individuals who, at the time, were charged with interpreting and drafting insurance regulation in Illinois can testify to the factual circumstances of interpreting, drafting and applying regulations for Illinois insurance. After-the-fact utterances of the circumstances of the enactment, enforcement and interpretation of statutes and regulations are "subsequent legislative history," which "is is not helpful as a guide to understanding a law" because the utterances "may be nothing but wishful thinking, and unless they are uttered as part of the process of enacting a later law . . . they are of no account." *Covalt v. Carey Canada Inc.*, 860 F.2d 1434,

1438 (7th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 566–67 (1988); *Quern v. Mandley*, 436 U.S. 725, 736 (1978)); *see also Carroll*, 320 F. Supp. 2d at 755 (applying the standard in *Covalt* also to expert witnesses seeking to provide legal opinion on the circumstances of the enactment of regulations and laws).

So, if Allstate's seeks to have the Court consider these affiants as expert witnesses, their opinion is unavailing. If Allstate seeks to have the Court consider these affiants as fact witnesses, they provide information that is, on the matter in which it is being used, "of no account." The affidavits will be stricken.

**Motions to Reconsider**

Both parties ask the Court to reconsider its prior ruling on Allstate's motion to dismiss. Although the Court granted Allstate's motion to dismiss with respect to Sydnor and Sparks, it denied Allstate's motion to dismiss in all other respects, including on Allstate's argument that the complaint failed to state a claim for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505 (2008).

As the order denying the motion to dismiss adjudicated "fewer than all the claims or the rights and liabilities of fewer than all the parties," it did not "end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *accord Marconi Wireless Tel. Co. of Am. v. United States*, 320 U.S. 1, 47–48 (1943). Even though the Court "may" modify an interlocutory order, that does not mean that it must. The Seventh Circuit has a restricted view of motions to reconsider interlocutory orders, stating that they serve a limited purpose: "to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). Examples of manifest errors of law or fact include

when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)): Reconsideration motions may also be entertained when "a controlling or significant change in the law or facts since the submission of the issue to the Court" has occurred. *Id.* (quoting *Above the Belt*, 99 F.R.D. at 101). Motions to reconsider are inappropriate for introducing evidence previously available or for tendering new legal theories. *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986) (citing *Publishers Res., Inc.*, 762 F.2d at 561).

Allstate's Motion

The main arguments that Allstate present for their motion to reconsider all have as their basis Allstate's position that the Court should defer to the interpretation of Illinois statutes and regulations as outlined in the affidavits of the six former employees of the former Illinois Department of Insurance. The Court struck these affidavits, so these arguments have no foundation. Still, one argument for manifest legal error remains in the motion to reconsider. Allstate argues that the Court erroneously deferred to the legal conclusions of the Plaintiffs in their complaint regarding § 364 of the Illinois Insurance Code, 215 Ill. Comp. Stat. 5/364 (2008), and § 906.10 of title 50 of the Illinois Administrative Code. The basis for this argument is that the Court stated that it would be "construing all reasonable inferences in favor of the Plaintiffs" while interpreting those provisions.

This argument misreads the Court's decision. The holdings regarding the meaning of § 364 and § 906.10 was based solely on the Court's own plain language interpretation, not the pleadings. The statement that the Court would be "construing all reasonable inferences in favor of Plaintiffs" occurred when the Court applied its interpretation of those provisions to the allegations. (Doc. 124 at 13.) In that particular context, the allegation was that the Plaintiffs' homeowners insurance

5

contained different rates to others similarly situated. The Court properly deferred to this factual allegation and, applying its interpretation of § 364 and § 906.10, found that the Plaintiffs alleged one of the criteria for unfair practices. It did not defer to the Plaintiffs' interpretation of those statutes, just to the factual allegation that Allstate's insurance policy offered different rates to similarly situated customers.

Sydnor and Sparks' Motion

The Court granted the motion to dismiss in part dismissing Sydnor and Sparks for lack of standing. They had originally alleged in their complaint that they "purchased Allstate insurance" (Doc. 2 ¶ 32), but Allstate in its motion presented evidence that they did not purchase Allstate insurance: the affidavit of Lynn Gehant. Sydnor and Sparks countered with an assertion in their response to the motion that they had insurance through an Allstate subsidiary. This assertion did not cite the record or the motion exhibits for any evidentiary support. *See* S.D. Ill. R. 7.1(d) ("All briefs shall contain . . . citations to relevant legal authority *and to the record*. Allegations of fact not supported by citation may, in the Court's discretion, not be considered." (emphasis added)); *see also* S.D. Ill. R. 7.1(d) (2003) (repealed 2009) ("Allegations of fact not supported by citation may not be considered."). This was not a mere citation failure, though, as none of the Plaintiffs' exhibits filed with the response indicated whether Sydnor or Sparks had any Allstate or Allstate-subsidiary insurance. Additionally, at the point in which the response to the motion was filed in the case no evidentiary support existed on the record indicating that Sydnor and Sparks had insurance whatsoever.

Because standing is a requirement for the Court's subject-matter jurisdiction, the plaintiffs bear the burden of establishing it. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). "[G]eneral allegations of injury [are] usually sufficient to demonstrate standing at the pleading stage." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). That deference to

the allegations changes when a defendant makes a factual challenge to subject-matter jurisdiction, meaning that it argues, not that the complaint insufficiently alleges subject-matter jurisdiction, but instead "that there is *in fact* no subject matter jurisdiction." *Id.* at 444 (quoting *United Phosphorus, Ltd. v. Angus Chem. Co.*, 332 F.3d 942, 946 (7th Cir. 2003)). Once the defendant proffers evidence refuting a plaintiff's standing as alleged, "'[t]he presumption of correctness that we accord a complaint's allegations falls away,' and the plaintiff bears the burden of coming forward with competent proof that standing exists." *Id.* (alteration in original) (quoting *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2003)). Because Sydnor and Spark's allegation that they "purchased Allstate insurance" was refuted by competent evidence in a factual challenge to subject-matter jurisdiction, it was their burden to produce competent proof that they had standing. As the Court previously noted, they failed to do so, presenting assertion but no proof of any insurance whatsoever as far as the motion to dismiss was concerned.

Despite this, Sydnor and Sparks argue that the Court misapprehended the evidence before the Court on the motion to dismiss. In their brief, Sydnor and Sparks have adequately demonstrated that the evidence that they needed to present on the motion to dismiss was docketed and referred to in later filings unrelated to the motion to dismiss. Unanswered in the brief is why this evidence was not included in the response to the motion to dismiss, why it was not included in a supplement to the motion to dismiss or why it was not in other ways flagged for the Court's consideration on the motion to dismiss until after the motion had been decided. Also unanswered is why Sydnor and Sparks failed to swear an affidavit indicating that they had insurance with an Allstate subsidiary until after the motion was decided. Not only would that affidavit have been "competent proof that standing exists" as opposed to bald assertion, *id.*, making it and filing it with the original response would have been simple. Even if those questions had been adequately addressed, Sydnor and Sparks' motion would not argue the Court's misapprehension but would properly argue their mistake in

7

failing to bring the evidence to the Court's attention. Right now, though, the motion only affirms that the Sydnor and Sparks failed to present any evidence to the Court on the motion to dismiss regarding the insurance, meaning that the Court misapprehended nothing.

Instead of explaining their failure to meet their burden of production on a factual challenge to subject-matter jurisdiction, Sydnor and Sparks argue that the Court should have been aware of the insurance policies because of the later unrelated filings. It appears that the Court needs to remind the movants that there are currently 233 docket entries in this case with numerous exhibits attached to those docket entries and that this case is one of hundreds requiring the Court's attention. This is one of three hundred cases the Court is managing. Suggesting that the Court should comb through every one of those docket entries and exhibits looking for the evidence that the movants had the burden to produce and their counsel had the job of identifying completely mischaracterizes the duties of judges of the federal courts and duties of counsel practicing before them. The Court need not sift the sugar bowl of the docket to locate a party's grain of salt. *Cf. United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("[J]udges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do . . . ."); *DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir. 1999) ("A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record.").

Sydnor and Sparks further argue that Allstate's evidence that they lacked Allstate insurance was probative only on the question of if they had insurance with Allstate, not if they had Allstate-subsidiary insurance or any other insurance. While it is true that the evidence only refuted the allegation that they had Allstate insurance, that was their sole allegation in the complaint on that issue. They did not allege that they had insurance with "Allstate or an Allstate subsidiary." Because the sole allegation with respect to this standing question was refuted by competent evidence, Sydnor and Sparks had to produce something in order to survive dismissal. They produced nothing.

8

Sydnor and Sparks also argue that they did not have to present any evidence because Allstate did not contest Plaintiffs' unsupported assertion that it had insurance with a subsidiary. They argue that Allstate did not contest the assertion because it did not argue against the unsupported assertion in their reply brief. Reply briefs are used in this Court only in exceptional circumstances. S.D. Ill. R. 7.1(c) ("Reply briefs are not favored and should be filed only in exceptional circumstances."); *see also* S.D. Ill. R. 7.1(c) (2003) (repealed 2009) ("Reply briefs are not favored and should be filed only in exceptional circumstances."). Having a non-movant oppose a motion is not an exceptional circumstance, and requiring the movant to counter an assertion made in a response every time one is made would make reply briefs routine, not exceptional. Arguing that Allstate did not oppose Sydnor and Spark's argument is especially odd in this case given that Allstate explicitly argued lack of standing in its motion and backed up its arguments with evidence while the Plaintiffs, who had the burden of production, did not.

This motion may have had a different result if the motion had argued that the movants made a mistake and asked the Court to excuse their mistake, giving reasons why the neglect is excusable, but it fails here because its reason for reconsideration, misapprehension of the evidence, did not occur.

The Court's Own Motion

Upon reexamination of its order granting in part the motion to dismiss (Doc. 124), the Court realizes that it did commit an error of law that the parties have not brought up. It dismissed Sydnor and Sparks with prejudice on a jurisdictional issue. The Court should have indicated dismissal for lack of subject-matter jurisdiction instead of indicating prejudice, which the Seventh Circuit often distinguishes. *See, e.g., Wis. Valley Improvement Co. v. United States*, 569 F.3d 331, 336 (7th Cir. 2009) (modifying a dismissal "for lack of subject-matter jurisdiction" to a dismissal with prejudice because the case should have been dismissed on the merits); *Williams v. Rodriguez*, 509 F.3d

9

392, 404 (7th Cir. 2007) (modifying a grant of summary judgment on supplemental state-law claims to a dismissal "for lack of subject-matter jurisdiction" because the federal claims had been resolved prior to trial and supplemental jurisdiction no longer attached). As the Court can reconsider matters in interlocutory orders on its own motion, *see United States v. Peterson Sand & Gravel, Inc.*, 806 F. Supp. 1346, 1360 (N.D. Ill. 1992), the Court will modify this aspect of the order.

## Conclusion

The Court **GRANTS** the motion to strike (Doc. 227) and **DENIES** the two motions to reconsider (Docs. 125, 129). The Court on its own motion **MODIFIES** the order dismissing Sydnor and Sparks with prejudice (Doc. 124 at 14) to an order dismissing them for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

**DATED September 17, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**