IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT L. JOHNSON, SR., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 07-CV-0781-MJR-PMF |
| ) | |
| **ALLSTATE INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On December 11, 2010, the Honorable Philip M. Frazier, Magistrate Judge, held a discovery dispute conference involving the parties in this class-action consumer-fraud case. At the hearing, Plaintiffs contended that Allstate had improperly withheld thousands of documents on the sole basis that they were protected by the attorney–client privilege. Judge Frazier invited Plaintiffs to move to compel, asking them to demonstrate why the employees who authored or received the documents were not a part of Allstate's control group, by submitting a brief no longer than 10 pages. Allstate had a chance to respond with a similarly-sized brief. Plaintiffs accepted the invitation, moving to compel disclosure of the documents because they claimed that the authors or recipients of those documents—Erin English, Beth Daly and Rosemary Peck—were not members of Allstate's "control group" (Doc. 146). Allstate opposed this motion, arguing that Plaintiffs bore the burden of demonstrating the lack of privilege as to each individual document and that they

failed to meet that burden. After holding an additional hearing, Judge Frazier granted Plaintiffs' motion and ordered the disclosure of all the documents marked as protected solely by the attorney-client privilege (Doc. 177).

Allstate then filed this appeal (Doc. 180). For the reasons set forth below, the Court will modify Judge Frazier's Order to compel the disclosure of only the documents relating to English, Daly and Peck labeled as protected from disclosure solely on the basis of the attorney-client privilege. As modified, the Court will affirm Judge Frazier's Order.

## Discussion

An order compelling the disclosure of documents is not a dispositive order. *See, e.g., Westefer v. Snyder*, 472 F. Supp. 2d 1034, 1036 (S.D. Ill. 2006) (Murphy, C.J.). Because the discovery order is not dispositive, the Court does not undertake *de novo* review but instead will modify or set aside the order if it is "clearly erroneous or contrary to law." **Fed. R. Civ. P. 72(a)**. If the order of the magistrate judge "fails to apply or misapplies relevant statutes, case law, or rules of procedure," then it is contrary to law. *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). The clearly erroneous standard, in contrast, applies to factual findings, and a factual finding is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Generally, a definite and firm

conviction does not exist when, on examining the entire evidence, "there are two permissible views." *Westefer*, **472 F. Supp. 2d at 1037**. When that occurs, "the reviewing court should not overturn the decision solely because it would not have chosen the other view." *Id.*

Based on these standards, Allstate contends that Judge Frazier's order was both clearly erroneous and contrary to law. Allstate argues that the order was clearly erroneous where it found that Allstate failed to meet its burden of proof that English, Daly and Peck were part of Allstate's control group. Allstate also argues that the order was contrary to law for two reasons: (1) it ordered the disclosure of documents marked as protected under the attorney–client privilege without conducting a review in chambers of the contents of the documents; and (2) it ordered the disclosure of *all* the documents marked under attorney–client privilege where Plaintiffs only challenged a subset of those documents.

Because Illinois law supplies the cause of action for these Plaintiffs and their putative classes, the Court applies Illinois's law of attorney–client privilege. *See* **Fed. R. Evid. 501**. The threshold requirements for every case based on attorney–client privilege in Illinois are "a showing that the communication originated in a confidence that it would not be disclosed, was made to an attorney acting in his legal capacity for the purpose of securing legal advice or services, and remained confidential." *Archer Daniels Midland Co. v. Koppers Co., Inc.*, **485 N.E.2d 1301, 1303 (Ill. App. Ct. 1985)** (citing *Cox v. Yellow Cab Co.*, **337 N.E.2d 15 (Ill. 1975))**. The burden of proving these elements is ultimately on the

3

party claiming the privilege. *Id.* **(citing** *Cox***, 337 N.E.2d 15)**. When an attorney communicates with a client in a professional capacity, a rebuttable presumption arises that the communication is privileged, but this presumption falls away if the opposing party challenges the presumption. *See In re Marriage of Decker***, 606 N.E.2d 1094, 1108–09 (Ill. 1992)**.

Determining if an attorney communicated with a client who is an individual is considerably easier than determining if an attorney communicated with a corporate client. Because corporations lack physical bodies, courts and legislators have invented legal fictions in order to apply to corporations the concepts normally applicable to individuals—such as the concept of residence. Illinois has invented a legal fiction for determining if an attorney communicated with a corporate client or merely communicated with someone affiliated with a corporate client: when asserting the privilege with respect to a communication between an attorney for the corporation and an affiliated individual, the corporation must show that the affiliated individual "falls within the control group of the corporation." *Archer Daniels Midland Co.***, 485 N.E.2d at 1303 (citing** *Consolidation Coal Co. v. Bucyrus–Erie Co.***, 432 N.E.2d 250 (Ill. 1982))**. The Supreme Court of the United States has explicitly rejected this "control group" test, *Consolidation Coal Co.***, 432 N.E.2d at 254 (citing** *Upjohn Co. v. United States***, 449 U.S. 383 (1981))**, but as that rejection took place in the context of federal law, *see Upjohn Co.***, 449 U.S. at 387–88 (noting that the case was a federal tax case)**, it is inapplicable to this state-law case, *see* **Fed. R. Evid. 501 (noting**

4

**that state law governs privilege when the cause of action or defense is based on state law)**.

In Illinois, an employee is part of the "control group" if the employee's "advisory role to top management in a particular area is such that a decision would not normally be made without his advice or opinion, and whose opinion in fact forms the basis of any final decision by those with actual authority." *Consolidation Coal Co.*, **432 N.E.2d at 258**. Other individuals that the particular employee relies upon for supplying information for formulating its advice to top management are not part of the control group. *Id.*

Allstate contends that Plaintiffs did not introduce any evidence contradicting the information given in their privilege log, which they claim establishes attorney–client communications. Plaintiffs did introduce evidence contradicting the log, though. Plaintiffs gave evidence that English, Daly and Peck were not part of top management and did not have an advisory role to top management—instead they were several steps removed from top management in Allstate's corporate hierarchy. In other words, they presented evidence that those three employees were not part of Allstate's control group. It was Allstate's burden to respond to this challenge with evidence that English, Daly and Peck had an advisory role to top management and that a decision by top management in a certain area would not normally be made without their advice. In attempting to carry that burden, Allstate demonstrated that English, Daly and Peck played important roles within the Allstate "credit team," that they sought guidance from the legal team on credit-related

issues, that they had special expertise with respect to customer complaints and that counsel for Allstate consulted the employees, especially English. That is the extent of Allstate's submission. It did not show that top management would consult any of the three employees before making a decision on a particular matter, which is the crucial question in determining whether communications between an attorney and those three employees are really communications between an attorney and the attorney's client, the corporation. Showing that counsel hired by Allstate consulted with an employee is simply not enough. It was not clearly erroneous for Judge Frazier to find that English, Daly and Peck were not part of Allstate's control group when Allstate failed to meet its burden on that question.

Despite the failure to meet the burden on the crucial element on the question of attorney–client privilege, Allstate argues that Judge Frazier erred in not undertaking a review in chambers of the challenged documents because, "the other elements in [the] privilege test can only be established on a document-by-document basis," and "[i]t is impossible for Allstate to fairly make a showing beyond what is stated in its privilege log ... that employees who communicated in connection with the particular issue embodied in a specific document are members of a control group" (Doc. 180 at 12). This proposition is demonstrably incorrect: an affidavit discussing the usual practice of top management when dealing with certain issues and the role that English, Daly and Peck played in advising management on those decisions would have been all the proof required. Judge Frazier should have undertaken the review of the documents in chambers (which would have been rather strenuous in this case due to the thousands of documents challenged)

only if Allstate had met its threshold requirements by supplying this proof. Making Judge Frazier review all the challenged documents without requiring that the threshold requirements be established is a waste his time. *See also United States v. Davis*, **131 F.R.D. 427, 428 (S.D.N.Y. 1990) (considering as "wholly fallacious" the argument that the court should have reviewed in chambers supposedly privileged documents when the party asserting privilege failed to meet its threshold requirements)**.

Allstate cites a number of opinions in an attempt to force a review in chambers of supposedly privileged documents without establishing the threshold for privileged communications, but each of them has significant defects. Some of the cases were based on federal law. *See Zitzka v. Village of Westmont*, **No. 07 C 0949, 2009 WL 1346256, at *1 (N.D. Ill. May 13, 2009) (noting that the case was a 42 U.S.C. § 1983 civil rights case);** *United States v. Bd. of Educ. of Chi.*, **610 F. Supp. 695, 701 (N.D. Ill. 1985) (noting that the case was about "how the Secretary exercised his discretion in allocating funds already appropriated by Congress for school desegregation")**. Because these cases involved federal law and not Illinois law, they would necessarily have not used the "control group" test due to the Supreme Court's holding in *Upjohn* and would instead have used a broader test—such as the subject-matter test which focuses "on why an attorney was consulted rather than with whom he communicated," *Consolidation Coal Co.*, **432 N.E.2d at 255** – which would necessarily require examining the communications in chambers to see why the attorney was consulted. Other cases are distinguished because, not dealing with corporations, they did not address the unique threshold requirements to

establish privilege for corporations. *See, e.g.*, *Ferguson v. Lurie*, 139 F.R.D. 362, 364 (N.D. Ill. 1991) (dealing with partnerships). Each of these cases' requiring an examination of documents in chambers, then, simply does not apply to the facts of this case.

However, even though Allstate failed to prove that the challenged documents were protected by the attorney–client privilege, its failure does not necessarily imply that *all* of the documents withheld on that basis should be disclosed. Plaintiffs only challenged the documents from English, Daly and Peck, not any other documents. Allstate should not have to disclose all of the documents withheld for attorney–client privilege just because it was unsuccessful in defending against Plaintiffs' attacks against these three sources of documents. *Cf. Am. Nat'l Bank & Trust Co. of Chi. v. Equitable Life Assurance Soc'y of the United States*, 406 F.3d 867, 878 (7th Cir. 2005) (criticizing as "inherently unfair" striking the entire privilege log as a discovery sanction based only on reviewing a subset of privileged documents to see if they were truly privileged).

## Conclusion

Because Allstate failed to meet its burden in establishing that the authors of the documents sought were members of Allstate's control group, the documents are not subject to the attorney–client privilege. It was not error for Judge Frazier to refuse to perform document review in chambers on thousands of documents when threshold requirements were not met. Judge Frazier's only error was to grant the motion to compel too broadly.

Accordingly, on the appeal of Allstate (Doc. 180), the Court **MODIFIES** Judge Frazier's Order (Doc. 177) to compel the disclosure of only the documents authored or received by English, Daly and Peck and labeled as protected from disclosure solely on the basis of the attorney–client privilege.  As modified, the Court **AFFIRMS** the order.

**IT IS SO ORDERED.**

**DATED this 27th day of September, 2010**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**